## Ambler National Bank v. Shoffstall

*Elmer L. Menges,* for plaintiff.

*Duffy, McTighe & McElhone,* for defendant.

DANNEHOWER, J., November 12, 1954.—Plaintiff brought this action in assumpsit to recover the sum of $4,771.60 and bases his action upon the breach of a written contract entered into by plaintiff, defendant, and defendant's employer, Alan G. Pullen and Elda V. Pullen, trading as Nusbickel Brothers, hereinafter referred to as the Pullens, under the terms of which, briefly stated, plaintiff bank agreed to lend sums of money to the Pullens provided that defendant subordinate his then existing claim against the Pullens.

Plaintiff avers that defendant, employed by the Pullens, breached his agreement by withdrawing or withholding certain funds and refusing to return a Dodge automobile belonging to the Pullens.

Defendant has filed preliminary objections to the complaint as follows:

1. The complaint is defective because of the nonjoinder of necessary parties, to wit, Alan G. and Elda V. Pullen, trading as Nusbickel Brothers.

2. The written contract upon which suit is based, a copy of which is attached to the complaint, does not purport to have been signed by defendant.

3. The complaint does not aver that plaintiff's claims against the Pullens had matured at the time defendant is alleged to have violated the agreement.

4. The complaint does not aver that anything received or withheld by defendant was in payment of claims against the Pullens.

5. That one of the items alleged to have been received by defendant, to wit, a Dodge automobile, was not covered by the agreement.

We shall discuss and consider each of the foregoing preliminary objections in order, as follows:

1. *Nonjoinder of Necessary Parties.* — Defendant contends that if his actions were only in violation of the contractual rights of plaintiff, then he and his employers, the Pullens, are joint obligors and that under Pa. R. C. P. 2227 (*a*) their joinder is compulsory. In the alternative, he suggests that if his actions were violative not only of the contractual rights of plaintiff bank, but amounted also to an unlawful appropriation of the assets of the Pullens, then the gist of the action would be conversion and presuming as we must that there will be defenses to such a charge, the Pullens are, in effect, joint obligees with plaintiff and must be joined. Defendant further argues that if the gist of his action is conversion and the Pullens are not joined herein, it is conceivable that he may be subjected to double liability.

The relevant section of the contract is as follows:

"*Whereas, Alan G. Pullen* and *Elda V. Pullen* are desirous of borrowing sums from Bank and are also indebted to *I. S. Shoffstall* in the amount of $13,371.60; and

"*Whereas*, the Bank is willing to lend to the party of the first part sums from time to time as the Bank may see fit, provided that party of the second part, with the consent of the party of the first part, subordinate his respective claims against the party of the first part to all claims of Bank;

"*Now therefore,* this agreement witnesseth, that in consideration of the premises and of the agreement

of the Bank, as it sees fit, to lend sums from time to time to party of the first part, party of the second part agree that the claims of the Bank against the party of the first part for any sums loaned hereunder shall have priority as to payment over any claim or claims of party of the second part against the party of the first part. Party of the second part further agrees that he will bring no action to enforce his claims against party of the first part until all of party of the first part debts to Bank are paid in full with interest.

"Party of the first part agrees that until it shall have made payment in full to Bank of all amounts owing by party of the first part to Bank together with interest and costs, it will make no payments other than interest on account of claims of party of the second part against it."

Plaintiff has set forth in paragraph 8 of his complaint that "contrary to the aforesaid agreement, the said Irvin F. Schoffstall knowingly, unlawfully, and in breach of the aforesaid agreement with the Ambler National Bank and Alan G. Pullen and Elda V. Pullen, withheld, withdrew and applied to his own use cash and checks drawn to Nusbickel Bros., according to the records of Nusbickel Bros., the following: February 4, 1952, $25; March 1, 1952, $25; May 24, 1952, $50; May 17, 1952, $100; June 14, 1952, $50; July 7, 1952, $50; August 1, 1952, $50; August 12, 1952, $100; September 2, 1952, $100; October 10, 1952, $30; October 16, 1952, $100; November 5, 1952, $100; November 8, 1952, $300; November 20, 1952, $141.60; November 24, 1952, $100; March 14, 1953, $62.38; April 9, 1953, $100; May 19, 1953, $100; June 3, 1953, $250; June 11, 1953, $150; June 20, 1953, $522.82; July 16, 1953, $100; August 1, 1953, $100; August 25, 1953, $1,315.36. . . ."

In view of the above-quoted paragraph, it is our opinion that plaintiff has alleged that the wrongful act complained of was the appropriation of Pullens' funds by defendant. It cannot be inferred from the complaint, as plaintiff contends, that the Pullens have either violated or joined with defendant in violating any part of the agreement. It seems clear therefore that their liability is not joint. The Pullens agreed not to make payments of principal to defendant until their obligations to plaintiff had been paid in full and there is no allegation that the Pullens have violated this agreement in any manner. Defendant's agreement, on the other hand, was not to enforce his claim against the Pullens. Certainly the language "knowingly, unlawfully, . . . withdrew, withheld and applied to his own use" was contemplated in the use of the word "enforce". The respective liabilities of the Pullens and defendant were therefore several and separate and to be determined by completely different facts and contingencies.

While the unlawful withdrawal of funds and retention of the automobile by defendant may well provide the Pullens with a separate course of action, this is not the concern of plaintiff in his action. He is suing defendant for the violation of a contractual right and the possibility of defendant's acts amounting also to a trespass or the conversion of another's property is a mere incident of that contractual violation and he is under no procedural duty to concern himself with it in the present action.

For the purpose of clarity we can treat this action as though the Pullens were not a party to the contract. Clearly, in that situation, plaintiff could not be required to join the Pullens and treating the respective liabilities of the party as we do, their being a party to the contract is of no significance to the present action.

Finally, defendant raises the question of a possible double liability if the Pullens are not herein joined. This is perfectly possible for it is not difficult to visualize a situation where by the same act a defendant violates a contractual right as to one party and has committed a trespass or unlawfully converted property to his own use as to another. The issues and theories of liability therein involved are separate and distinct. It is true that in the case at bar any recovery by the bank would inure to the Pullens' benefit, but it seems fair to assume that this would be a consideration in the question of damages in any subsequent action by the Pullens. The objection of nonjoinder is therefore overruled.

2. *Failure to Have an Accurate Copy of Contract Containing Signatures of the Parties Attached.*— Defendant's second objection is that the copy of contract attached to the complaint which is being sued upon does not purport to have been signed by defendant. This objection is sustained. At the argument before the court en banc, plaintiff's counsel agreed to correct this defect by amendment.

3. *Failure to Allege That Plaintiff's Claim Had Matured.*—Defendant next objects to plaintiff's failure to aver that its claims against the Pullens were matured at the various times defendant is alleged to have withheld or withdrawn funds.

Both in paragraphs (8) and (12) plaintiff states that defendant's actions were in violation of the agreement, which inherently carries with it the allegation that plaintiff's claims were due and owing.

Furthermore, in paragraph (14) which recites as follows: "That in spite of the demands as aforesaid, the said Irvin S. Schoffstall has neglected and refused to return the aforesaid moneys to Alan G. Pullen and Elda V. Pullen or give the same to the Ambler National

Bank to be applied on the aforesaid obligations due by the aforesaid Pullens to it", plaintiff clearly states that the obligations were due. This objection is overruled.

4. *Failure to Specifically Allege That Defendant Retained or Withdrew Moneys in Payment of His Claims as to Which Plaintiff Had Priority.*—Defendant further objects that plaintiff failed to aver that whatever moneys defendant withheld or withdrew were in satisfaction of his claim against the Pullens.

Paragraph (11) of the complaint clearly states that defendant has "undertaken to enforce his claim . . . seeking the collection of any balance due him . . ." and in paragraph (8) of the complaint plaintiff alleged that defendant "knowingly, unlawfully, and in breach of the aforesaid agreement . . . withheld, withdrew and applied to his own use cash and checks . . ." and then listed the various moneys and dates on which they were withheld or withdrawn.

Such language necessarily implies that the funds withheld or withdrawn by defendant were for the purpose of applying them to his claim. This objection is overruled.

5. *Contract Does Not Embrace Tangible Property, as: Automobile.*—Defendant's final objection is that no action can be maintained under the contract with respect to tangible property, to wit, the Dodge automobile. At the argument before the court en banc, counsel for plaintiff agreed to withdraw that allegation. This objection is therefore sustained.

### Order

And now, November 12, 1954, defendant's objections nos. 1, 3, and 4 are overruled and dismissed and objections numbered 2 and 5, are sustained and plaintiff has permission to file an amended complaint in accordance with this opinion within 20 days of receipt of notice of this order.